IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| TERESA CLEMENTS | § | |
| v. | § | CIVIL ACTION NO. 2:10cv149 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation ("R&R") of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the above-captioned case be dismissed with prejudice. Plaintiff has filed written objections.

Plaintiff's objections generally re-state the arguments raised in her original brief. She contends that the Magistrate Judge, and the Administrative Law Judge ("ALJ"), erred in determining that she does not meet an impairment listed in Appendix 1. However, she again simply cites that she has had surgery without showing that she has limitations that actually meet the criteria of any of the discussed Listings. She relies heavily on the opinion of Dr. Malik, expressed in the Transcript ("Tr.") at 525-28. However, as the Magistrate Judge observed and affirmed, the ALJ discredited Dr. Malik's brief form-based opinion based on the objective evidence of record, including Dr. Malik's own treatment notes. Plaintiff did not challenge the ALJ's finding regarding Dr. Malik's opinion in her opening brief and therefore the Court is not required to consider her challenge raised for the first time in her objections. *See Cupit v. Whitley,* 28 F.3d 532, 535 n. 5 (5th Cir.1994), *cert. denied,*


513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995); *United States v. Armstrong,* 951 F.2d 626, 630 (5th Cir.1992); *Harrison v. Smith,* 82 Fed. Appx. 630, 631 (5th Cir. 2003) (per curiam). However, even considering her challenge of the ALJ's finding, she does not offer any substantive evidence to counter the ALJ's finding other than her own interpretation of one physician's progress notes. *See* Objection at 14 (discussing Dr. Nichols). That is insufficient. "It is well established that the 'Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law.'" *See Vansa v. Astrue*, 423 Fed. Appx. 381, 383 (5th Cir. 2011) (per curiam) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)). As the Magistrate Judge demonstrated, substantial evidence supports the ALJ's assessment of Dr. Malik's opinion.

Plaintiff also appears to contend that her subjective evidence of pain was not given sufficient weight or consideration. *See* Objection at 12-14. However, she does not address the R&R's analysis of the ALJ's credibility determination regarding her claims. She simply asserts "It is not enough to say, 'The ALJ explicitly found that Plaintiff's statements concerning the intensity, persistence and limiting effects of [her reported] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment . . . .'" *Id*. at 14. Yet, the Magistrate Judge discussed at length the ALJ's two-step credibility analysis and the multiplicity of factors that went into his determination. *See* R&R at 11-12 (citing *Wilson v. Astrue*, 2010 WL 1566748, at *10 (N.D. Tex. Mar. 19, 2010), SSR 96-7p, 1996 WL 374186, at *3 and 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and discussing factors). Plaintiff does not challenge any of this.

In short, Plaintiff's objections essentially repeat the same issues raised in her opening brief without demonstrating error in the R&R.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.  The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that the complaint is hereby **DISMISSED** with **PREJUDICE**.  It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this 15th day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE